# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

HAKIM CRISP,

    Plaintiff,

v.

SERGEANT SNYDER AND
SERGEANT ROSE,

    Defendants.

_____/

CASE NO. 03-CV-10136-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT'S [SIC] AND DEFENSE COUNSEL SHOULD NOT BE ADJUDGED IN CONTEMPT OF COURT
(Dkt. 42)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion be **DENIED**. The case will proceed on Defendants' Motion to Dismiss or Alternatively Rule 56(b) Motion for Summary Judgment.

**II.    REPORT**

    **A.    Introduction and Facts**

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on September 5, 2003. Pending is the above-entitled motion filed by the *pro se* Plaintiff in this prisoner civil rights action. Plaintiff seeks the

imposition of Rule 37 sanctions upon the Defendants for alleged failure to make discovery pursuant to an order issued by this Magistrate Judge on July 12, 2005. Defendants have responded opposing the motion. (Dkt. 45.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

In late March 2005, Plaintiff filed a motion seeking the production of critical incident reports, as well as information relating to the discipline of corrections officers, arising out of the incidents that gave rise to his complaint. In mid-July, I granted in part Plaintiff's motion. (Dkts. 30, 37.) In August 2005, Defendants filed a response to the order, attaching a critical incident report and an affidavit of Chris Brown. The instant motion followed in mid-September 2005.

With regard to the critical incident reports, Plaintiff states: "Although the critical incident reports do not appear to be in their entirety, the Plaintiff is satisfied and suggest [sic] that Defendant's [sic] have fulfilled this requirement of the court's order[.]" (Dkt. 42, ¶ 4.) Plaintiff then argues that the affidavit of Mr. Brown, however, constitutes vague and misleading discovery which Plaintiff believes was coerced by actions of Defendants' counsel. Plaintiff further argues that Brown is not the proper person to substantiate that Defendants did not receive disciplinary action. Plaintiff also complains that the affidavit constitutes opinion evidence.

The affiant, Mr. Brown, states that he is the Human Resource Manager at the St. Louis Mid-Michigan Correctional Facilities. (Dkt. 42, Ex. A.) The salient portion of his affidavit states, "A critical incident was completed in regards to the information presented in the lawsuit. However, no disciplinary action was taken against either defendant, as there was no wrong-doing on their parts." (*Id.* ¶ 5.) Also attached to Plaintiff's motion is a copy of an e-mail exchange apparently between MDOC employees and a Michigan assistant attorney general regarding this affidavit, which indicates that a fill-in-the-blank affidavit form may have at some point been prepared for

2

signature. Counsel for Defendants state that this e-mail exchange was inadvertently produced to Plaintiff. The e-mail exchange also includes proposals for language to be included in the affidavit. Plaintiff argues that this e-mail exchange corroborates his allegations of collusion and inappropriate influence upon the affiant by an assistant attorney general.

Counsel for Defendants argues that the affidavit is appropriate, that the affiant properly possesses the knowledge pertaining to whether any discipline was imposed upon the Defendant corrections officers, and that no propriety took place in the preparation of the affidavit.

### B.     Analysis and Conclusions

Federal Rule of Civil Procedure 37(b)(2) permits a court to "make such orders . . . as are just" when a party has failed to "obey an order to provide or permit discovery, including an order made under [Rule 37(a)] or Rule 35, or if a party fails to obey an order entered under Rule 26(f)[.]" FED. R. CIV. P. 37(b)(2). Examples of such orders, depending upon the circumstances, are: "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]" FED. R. CIV. P. 37(b)(2)(C).

The Supreme Court has affirmed the inherent power of a district court to sanction the bad-faith conduct of a party or their attorneys. *See Chambers v. Nasco, Inc.,* 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Rule 37 has been consistently construed to require a showing of bad faith or willfulness before a court may impose the ultimate sanction of dismissal. *See Harmon v. CSX Transportation, Inc.*, 110 F.3d 364 (6th Cir. 1997); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150 (6th Cir. 1988). Dismissal is therefore the sanction of last resort and "[i]t should be imposed only if the court concludes that the party's failure to cooperate in

discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994) (citing *Taylor*, 861 F.2d at 985).

Rule 11 of the Federal Rules of Civil Procedure also provides for the imposition of sanctions. Rule 11 requires that by presenting to the court a pleading, written motion, or other paper, "an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that:

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. CIV. P. 11(b).

After review of the documents under the standards set forth above, I suggest that the Chris Brown affidavit and the circumstances surrounding its preparation provide an insufficient basis for the imposition of sanctions. As a Human Resources Manager, I suggest that Mr. Brown has access to all the records necessary to confirm or deny whether the Defendant corrections officers were disciplined. Although the language of an affidavit was proposed for Mr. Brown, I am unable to see how that language and the ultimate conclusions made by Mr. Brown in his affidavit were coerced. The language of the affidavit appears straight forward, and while one clause borders upon opinion, I cannot say that the factual matters recited under oath were deceptive or untrue. I am further unable to discern any willful intent on the part of Defendants or their counsel to frustrate discovery. I therefore suggest that the denial of Plaintiff's motion is appropriate.

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

　　　　　　　　　　　　　　　　　　　　　s/ *Charles E Binder*
　　　　　　　　　　　　　　　　　　　　　CHARLES E. BINDER
Dated: October 20, 2005　　　　　　　　　United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Diane M. Smith, and served in the traditional manner on Hakim Crisp and Honorable David M. Lawson.

Dated:  October 20, 2005　　　　　　　　　By      s/Mary E. Dobbick
　　　　　　　　　　　　　　　　　　　　　Secretary to Magistrate Judge Binder